IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Springfield Division

| | |
|---|---|
| GEOFFREY CROWTHER<br>119 Massasoit Street<br>Northampton, MA 01060<br><br>            Plaintiff<br><br>vs.<br><br>CONSOLIDATED RAIL<br>CORPORATION<br>Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19101<br><br>    and<br><br>CSX TRANSPORTATION INC.<br>3800 Centre Square West<br>Philadelphia, PA 19102<br><br>            Defendants | CIVIL ACTION<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED<br><br>FILING FEE PAID:<br>RECEIPT #_____<br>AMOUNT $_____<br>BY DPTY CLK_____<br>DATE_____<br><br>05-30140-MAP<br><br>NO. |

## COMPLAINT

1.    The Plaintiff, Geoffrey Crowther, is a competent adult individual residing at 119 Massasoit Street, Northampton, Massachusetts 01060.

2.    The Defendant, Consolidated Rail Corporation, is a corporation which is authorized to do and in fact does substantial business within the jurisdiction of the United States District Court for the District of Massachusetts, organized and existing under the laws of the Commonwealth of Pennsylvania and whose principal place of business and address for service of process is Two Commerce Square, 2001 Market Street, Philadelphia, Pennsylvania 19101.

3. The Defendant, CSX Transportation Inc., is a corporation which is authorized to do and in fact does substantial business within the jurisdiction of the United States District Court for the District of Massachusetts, organized and existing under the laws of the State of Virginia, and whose address for service of process is to John J. Barrett, Jr., Esquire, c/o Saul Ewing, 3800 Centre Square West, Philadelphia, Pennsylvania 19102.

4. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

5. At all times material hereto, the Defendant, Consolidated Rail Corporation, Inc. was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, Pennsylvania and other states of the United States.

6. At all times material hereto, the Defendant, CSX Transportation, Inc., was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, Pennsylvania and other states of the United States.

7. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendants.

### COUNT I - Hearing Loss

8. Plaintiff incorporates by reference paragraph 1 through 7 herein as if set forth fully at length.

9. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroads and was acting in the scope of his employment by Defendants and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

10. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant their agents, servants, workmen and/or employees.

11. The Plaintiff has been employed by the Defendants from 1976 through and including the present as a welder/foreman and, while working within the scope of his employment in and around West Springfield, Massachusetts, was exposed to excessive noise due to unsafe and inadequate working conditions.

12. The Plaintiff's hearing loss was caused in whole or in part by the negligence, carelessness and recklessness of the Defendants and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

   (a) failure to provide the Plaintiff with a safe place to work as required by the Federal Empoyers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

   (b) negligently permitting Plaintiff to be exposed to extremely loud noise levels while at work;

   (c) negligently failing to timely and adequately test, inspect, or monitor the occupational noise levels in the areas where Plaintiff was required to work;

- 3 -

(d) negligently failing to provide Plaintiff with timely and adequate hearing protection designed to protect him from hearing loss;

(e) negligently failing to provide Plaintiff with timely and adequate hearing tests to determine whether Plaintiff suffered hearing loss.

(f) negligently failing to provide Plaintiff with timely and adequate hearing conservation program to prevent occupational noise induced hearing loss.

(g) negligently failing to warn Plaintiff of the risk of hearing loss as a result of the extremely loud occupational noise levels;

(h) negligently failing to keep occupational noise levels in the areas where Plaintiff was required to work within the guidelines set forth under the Occupational Safety & Health Act (OSHA), and other applicable Statutes related to employee safety.

i) negligence at law;

13. As a direct result of the Defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered an occupational noise induced hearing loss.

14. The Plaintiff first learned that he was suffering from a permanent hearing impairment compatible with a occupational noise induced hearing loss resulting from his employment with the Defendants on or about November 6, 2002.

15. As a direct result of the Defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and activities and plaintiff sustained economic damages.

16. By reason of Plaintiff's hearing loss, Plaintiff has been disabled and he has suffered and will continue to suffer physical pain and mental pain.

17. As a direct result of the Defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

## COUNT II - Carpal Tunnel

18. Plaintiff incorporates by reference paragraph 1 through 7 herein as if set forth fully at length.

19. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroads and was acting in the scope of his employment by Defendants and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

20. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendants, their agents, servants, workmen and/or employees.

21. The Plaintiff has been employed by the Defendants from 1976 through and including the present as a welder/foreman and, while working within the scope of his employment in and around West Springfield, Massachusetts, was exposed to occupational risk

factors for carpal tunnel syndrome, including but not limited to repetition, force, vibration and awkward wrist posture.

22. Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendants and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

a) failure to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

b) failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel syndrome;

c) failure to comply with safety and operating rules and regulations of the Defendants;

d) forcing the Plaintiff to work under hurried and/or awkward conditions;

e) negligence of the Defendant's agents, servants, workmen and/or employees; and

f) negligence at law; and

g) otherwise failing to exercise due and adequate care under the circumstances including, but not limited to, a lack of adequate manpower.

22. The Defendants have a duty to provide a reasonably safe place to work. They have a non-delegable duty to insure that the Plaintiff had adequate qualified assistance to perform the functions of his work without unnecessary risk of injury to himself. The Defendants have a duty to provide a sufficient number of employees to perform assigned work, and their failure to

provide adequate assistance can be a breach of their duty to provide a safe place for the Plaintiff to work, and will entitle the Plaintiff to a recovery against the Defendants if any such failure was a cause, in whole or in part, of the injuries claimed by the Plaintiff.

23. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered occupational carpal tunnel syndrome.

24. On or about June 19, 2002, the Plaintiff was diagnosed with occupational bilateral carpal tunnel syndrome.

25. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

26. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

27. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

HANNON & JOYCE

Dated: 6/16/05

BY: _____
THOMAS J. JOYCE, III, ESQUIRE
Attorney for Plaintiff
Public Ledger Bldg. - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 6/16/05

_____
MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Geoffrey Crowther
119 Massasoit Street
Northampton, MA 01060

**DEFENDANTS** Consolidated Rail Corporation
Two Commerce Square
2001 Market Street
Philadelphia, PA 19106 (see attached)

**(b)** County of Residence of First Listed Plaintiff ___Hampshire___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**
HANNON & JOYCE
The Public Ledger Bldg. - Ste. 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

LAWSON & WEITZEN LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

Attorneys (If Known)
**05-30140-MAP**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act / ☐ 740 Railway Labor Act / ☐ 790 Other Labor Litigation / ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers Liability Act 45 U.S.C. §§51-60 et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 150,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/16/05   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Additional Defendant:

>CSX Transportation Inc.
>3400 Centre Square West
>Philadelphia, PA 19102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Geoffrey Crowther vs. Consolidated Rail Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **05-30140-MAP**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐    Central Division ☐    Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael J. McDevitt__
ADDRESS __LAWSON & WEITZEN, LLP, 88 Black Falcon Ave., Ste. 345, Boston, MA 02210__
TELEPHONE NO. __(617) 439-4990__

(Coversheetlocal.wpd - 10/17/02)