UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY CROWTHER,
Plaintiff,

vs.

CONSOLIDATED RAIL CORPORATION and CSX TRANSPORTATION, INC.,
Defendants.

CIVIL ACTION NO.: 05-30140-MAP

**DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND CSX TRANSPORTATION, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Now comes the defendants, Consolidated Rail Corporation ("Conrail") and CSX Transportation, Inc. ("CSX"), and in response to the plaintiff's *Complaint* answers as follows:

1. The defendants, Conrail and CSX, are without sufficient knowledge or information upon which to form a belief, and therefore neither admit nor deny the allegations contained in paragraph 1 of the plaintiff's *Complaint* and call upon the plaintiff to prove the same.
2. Admitted.
3. Admitted.
4. Denied.
5. Denied.
6. Denied.
7. Denied.

COUNT I (Alleged Hearing Loss)

8. The defendants, Conrail and CSX, repeat and incorporate herein by reference their answers to numbered Paragraphs one (1) through seven (7) and make them their answers

to Paragraph eight (8) of Count I.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**WHEREFORE**, the defendants, Conrail and CSX, state that the plaintiff's *Complaint* against them should be dismissed and that judgment enter for the defendants, together with their attorneys fees, costs, expenses, interest and any such other relief as this Honorable Court deems proper under the circumstances.

COUNT II (Alleged Carpal Tunnel)

18. The defendants, Conrail and CSX, repeat and incorporate herein by reference their answers to numbered Paragraphs one (1) through seventeen (17) and make them their answers to Paragraph eighteen (18) of Count I.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**WHEREFORE**, the defendants, Conrail and CSX, state that the plaintiff's *Complaint* against them should be dismissed and that judgment enter for the defendants, together with their attorneys fees, costs, expenses, interest and any such other relief as this Honorable Court deems proper under the circumstances.

**FIRST AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that the plaintiff's recovery, if any, is barred and/or limited according to the applicable case law, statutes and regulations including, but not limited to, 45 U.S.C. §1, *et seq.* and/or 49 U.S.C. §10101, *et seq.*

**SECOND AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that plaintiff's claims are preempted by federal law.

**THIRD AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that the plaintiff's *Complaint* should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that to the extent that they had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

**FIFTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that each cause of action is barred by laches in that the defendants have been prejudiced by the excessive delay of the plaintiff in seeking the relief requested.

**SIXTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that the acts complained of were not committed by a person for whose conduct the defendants, Conrail and CSX, were legally responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

And furthering answering, the defendants, Conrail and CSX, say that the plaintiff's claims as alleged in his *Complaint* are barred by the applicable statutes of limitation. Accordingly, the defendants hereby plead all applicable statutes of limitation as a complete bar to the entirety of the plaintiff's claim.

**NINTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that any alleged negligence they may have committed, which they deny, was superseded and/or replaced by the conduct of third persons over whom the defendants exercised no responsibility or control.

**TENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that the plaintiff has failed to mitigate his damages, wherefore any damages awarded must be reduced by the degree of his failure to mitigate.

**ELEVENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that the plaintiff was guilty of a violation of law or job regulation which cause and/or contributed to the caused of his alleged injury and/or damage.

**TWELFTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that the *Complaint* should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law and the defendants, Conrail and CSX, were thereby prejudiced, wherefore the plaintiff is barred from recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

And furthering answering, the defendants, Conrail and CSX, say that the plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors including events occurring prior or subsequent to the occurrence stated as the basis of the plaintiff's claims against the defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that, while denying that the plaintiff sustained the damages as alleged, any damages the plaintiff may ultimately be entitled to recover from the defendants may or are possibly limited in scope by the provisions of the *Federal Employers' Liability Act*, and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event said Act is applicable, all sections of plaintiff's *Complaint* seeking damages other than those provided for in the *Federal Employers' Liability Act* fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of plaintiff's *Complaint* should be stricken.

**FIFTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that if the plaintiff proves that he did sustain the damages and/or injuries in the fashion alleged, which the defendants deny, the defendants believe, and therefore aver, that the plaintiff's own negligence contributed, in a substantial way, to the happening and/or occurrence of the alleged injuries, and accordingly, the defendants plead the plaintiff's comparative negligence in diminution of any award the plaintiff may ultimately receive.

**SIXTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendant AMTRAK says that it used reasonable care under the circumstances.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, AMTRAK, say that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations including but not limited to, the *Federal Employers Liability Act*, *The Boiler Inspection Act*, *The Locomotive Act* and/or *The Safety Appliance Act*.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

And furthering answering, the defendants, Conrail and CSX, hereby plead the defense of release to all of the plaintiff's claims alleged in his *Complaint*.

**NINETEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, hereby plead any and all statutes of limitation created by the *Regional Rail Reorganization Act of 1973*, as amended, and believe and therefore aver that plaintiff's claims are barred by the specific statute of limitation as contained in and established by the *Regional Rail Reorganization Act of 1973*, as amended.

**TWENTIETH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, plead all provisions of the *Regional Reorganization Act* as a complete bar to the liability of the defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSX, say that the plaintiff's *Complaint* should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

And furthering answering, the defendants, Conrail and CSX, say that the plaintiff was not within the scope of his employment at the time of his alleged injuries and, therefore, recovery under the FELA is precluded.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

And furthering answering, the defendants, Conrail and CSX, hereby plead the defense of release to all of the plaintiff's claims alleged in his *Complaint*.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

And further answering, the defendant, Conrail, says that it did not exist prior to April 1, 1976. All sections of plaintiff's *Complaint* seeking recovery for incidents which occurred prior to April 1, 1976 fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

And further answering, the defendant, CSX, says that it did not have an employment relationship of any kind with the plaintiff prior to June 1, 1999. All sections of plaintiff's *Complaint* seeking recovery for incidents which occurred prior to June 1, 1999 fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

**JURY DEMAND**

The defendants, Conrail and CSX, hereby request a trial by jury.

Respectfully submitted,
Consolidated Rail Corporation and
CSX Transportation, Inc.
By their Attorneys:

s/Lori A. Wirkus
Michael B. Flynn, BBO #559023
Lori A. Wirkus, BBO #635525
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: July 14, 2005

G:\F & A\CASE FILES\CSX OCCUPATIONAL\CARPAL TUNNEL\CROWTHER\pleadings\Answer.7.14.05.doc