UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEOFFREY CROWTHER, Plaintiff, vs. CONSOLIDATED RAIL CORPORATION and CSX TRANSPORTATION, INC., Defendants. | CIVIL ACTION NO.: 05-30140-KPN |

**PARTIES' PROPOSED JOINT STATEMENT PURSUANT TO
FED.R.CIV.P. RULES 16(B) AND (C) AND 26(F) AND D.MASS.L.CIV.R. RULE 16.1(B)**

Parties:    Geoffrey Crowther, plaintiff
Consolidated Rail Corporation, defendant ("Conrail")
CSX Transportation, Inc., defendant ("CSX")

Pursuant to Fed.R.Civ.P. Rules 16(b), (c) and 26(f) and D.Mass.L.Civ.R. 16.1(B), a the parties file the instant *Proposed Joint Statement* dated August 25, 2005.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

I.    **STATEMENT OF THE CASE**

A.    **Claims of Plaintiff:**

1

The plaintiff, Geoffrey Crowther, brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (FELA). Mr. Crowther has worked for the defendants from 1976 to the present as a trackman, welder and welder/foreman.

As a result of his job duties, the plaintiff was exposed to occupational risk factors for hearing loss and carpal tunnel syndrome, including but not limited to excessive noise, repetition force, vibration and awkward wrist posture. It is the plaintiff's claim that as a result of the defendants' negligence, the plaintiff was diagnosed with hearing loss and carpal tunnel syndrome.

The defendants failed to provide the plaintiff with a safe work environment under the FELA, specifically, failing to adequately warn the plaintiff of the risks, danger and harm to which he was exposed and to provide a timely and adequate hearing loss conservation program to prevent occupational hearing loss and ergonomic program to prevent occupational carpal tunnel syndrome.

B. **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:**

The defendants Conrail and CSX: (1) deny that the plaintiff has hearing loss or carpal tunnel syndrome; (2) even if the plaintiff does have hearing loss and/or carpal tunnel syndrome, the defendants deny that said hearing loss and/or carpal tunnel syndrome was caused by either of the defendants' negligence; (3) even if the plaintiff does have hearing loss and/or carpal

2

tunnel syndrome, the defendants deny it was caused by workplace exposure to excessive noise, repetitive force, vibration and/or awkward wrist position; and (4) see the defendants' affirmative defenses set forth in their *Answer*. The defendants further deny that they were negligent and state that the plaintiff's alleged occupational hearing loss and/or carpal tunnel syndrome was caused by the plaintiff.

## II. JOINT DISCOVERY PLAN

### A. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with a Magistrate Judge.

4. The parties do not request, at this time, a referral for alternative dispute resolution.

### B. Joinder of Parties and Amendment of Pleadings

1. The plaintiff should be allowed until November 11, 2005 to file motions to join additional parties and to amend the pleadings.

2. The defendants should be allowed until November 11, 2005, to file motions to join additional parties.

3

C. **Discovery**

1. The parties anticipate that discovery will be needed on the following subjects: (1) whether the plaintiff suffers from hearing loss and/or carpal tunnel syndrome; (2) when and how the plaintiff sustained his alleged hearing loss and/or carpel tunnel; (3) whether the plaintiff's hearing loss and/or carpal tunnel syndrome was caused by workplace exposure; (4) whether the defendants were negligent under the FELA for failing to provide the plaintiff with a reasonably safe workplace; (5) whether the plaintiff was contributorily negligent; (6) whether there is a causal connection between the defendants' negligence, if any, and the plaintiff's alleged hearing loss and/or carpal tunnel syndrome; (7) whether the plaintiff failed to mitigate his damages; (8) the defendants anticipate discovery on whether the plaintiff's claims are barred by the applicable statutes of limitations; (9) the nature and amount of the plaintiff's damages, if any, including past lost earnings, impairment to future earning capacity, medical expenses, pain and suffering, and mental anguish; and (10) the defendants anticipate discovery on whether the plaintiff was suffering from or experienced significant prior and pre-existing physical and/or medical conditions which affected the plaintiff's alleged injury and prognosis.

2. The parties will exchange initial disclosures no later than November 12, 2005.

3. All fact discovery shall be completed by June 2, 2006.

4. The plaintiff shall designate his expert witness(es) no later than May 5,

4

2006.

5. The defendants shall designate their expert witness(es) no later than June 2, 2006.

6. The plaintiff's expert(s) shall be deposed no later than June 2, 2006.

7. The defendants' expert(s) shall be deposed no later than July 7, 2006.

**D.  Dispositive Motions**

All motions for summary judgment shall be filed no later than August 4, 2006.

                        For the plaintiff,
                        Geoffrey Crowther

BY:  /s/ Thomas J. Joyce
      Thomas J. Joyce, III
      Hannon & Joyce
      Public Ledger Building, Suite 1000
      150 S. Independence Mall West
      Philadelphia, PA 19106
      214-446-4460

BY:  /s/ Michael J. McDevitt
      Michael J. McDevitt
      Lawson & Weitzen, LLP
      88 Black Falcon Avenue, Suite 345
      Boston, MA 02210
      617-439-4990
      (Local Counsel for the Plaintiff)

                For the Defendants,
                Consolidated Rail Corporation
                CSX Transportation, Inc.

BY:   /s/ Lori A. Wirkus
       Lori A. Wirkus, BBO #635525
       FLYNN & ASSOCIATES, P.C.
       400 Crown Colony Drive
       Suite 200
       Quincy, MA 02169
       (617) 773-5500
       (617) 773-5510 (facsimile)

DATE: August 25, 2005

G:\F & A\CASE FILES\CSX OCCUPATIONAL\CARPAL TUNNEL\CROWTHER\pleadings\Proposed Joint Statement.8.24.05.doc