UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEOFFREY CROWTHER, )<br>Plaintiff ) <br> ) <br> ) <br>    v.    ) <br> ) <br>CONSOLIDATED RAIL CORPORATION )<br>and CSX TRANSPORTATION INC, )<br>Defendants ) <br> ) | CIVIL ACTION NO. :<br>05-30140-MAP |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR
TO EXCLUDE PLAINTIFF'S EXPERTS AND TO COMPEL
DISCOVERY AND EXTEND DISCOVERY DEADLINES

The Plaintiff, Geoffrey Crowther, by and through his attorneys, Thomas J. Joyce, III, Esquire, and Michael J. McDevitt, Esquire, responds to Defendants' Motion to Dismiss or to Exclude Plaintiff's Experts and to Compel Discovery and Extend Discovery Deadlines as follows:

I.   INTRODUCTION

This is a personal injury action brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51 et seq. Plaintiff, Geoffrey Crowther, sustained occupational injuries to his hands and wrists, specifically carpal tunnel syndrome, while working for Defendants. He has further sustained occupational hearing loss as a result of his railroad employment.

Defendants filed their instant Motion in this matter on the basis of Plaintiff's alleged failure to timely identify and/or produce documents and alleged failure to properly disclose his expert witnesses.

Defendants seek dismissal of Plaintiff's carpal tunnel syndrome claim, or alternatively requests Plaintiff be compelled to produce copies of his medical records, supplemental discovery responses, and supplemental expert disclosures. Defendants have further requested that Plaintiff be sanctioned for alleged failure to cooperate, and have requested additional discovery time.

Plaintiff has provided his medical records regarding his carpal tunnel syndrome and hearing loss claims. Defendant is in possession of Plaintiff's carpal tunnel syndrome and hearing loss medical records. Plaintiff has timely identified his expert witnesses. Defendant is not seeking dismissal of Plaintiff's hearing loss claim. Plaintiff will provide to Defendant any additional medical records that are received.

Defendant is overreaching in asking that Plaintiff's carpal tunnel syndrome be dismissed. Defendant is overreaching in requesting sanctions against Plaintiff.

## II.   DISCUSSION

On or about June 16, 2005, Plaintiff filed a two-count complaint in this matter, alleging occupational carpal tunnel syndrome and hearing loss. On or about November 3, 2005, Plaintiff produced his initial disclosures, but inadvertently only attached copies of his medical records pertaining to his hearing loss. On or about May 2, 2006, Plaintiff forwarded several executed medical authorizations to Defendants as requested. On or about June 26, 2006, Plaintiff produced copies of his diagnostic medical records pertaining to his carpal tunnel syndrome injury.

At that time, these were the only medical records in Plaintiff's possession in regard to his carpal tunnel syndrome claim. On or about June 27, 2006, Plaintiff produced formal answers to Defendants' discovery requests.

On or about July 26, 2006, Plaintiff produced his expert disclosures. On or about August 1, 2006, Plaintiff forwarded a Notice of Site Inspection to Defendants. On or about August 9, 2006, Plaintiff forwarded to Defendant Dr. Allan Baustin's medical records.

Plaintiff's deposition has been set for this Friday, August 18, 2006. The Plaintiff has cooperated with Defendant in completing discovery. The Plaintiff will continue to cooperate with Defendant so that discovery may be completed as soon as possible.

The Plaintiff joins in Defendant's request to extend the discovery end date.

III.     CONCLUSION

Plaintiff has not failed to cooperate with Defendant in discovery in this matter. Plaintiff's claims should not be dismissed as that would be prejudicial to Plaintiff. Plaintiff should certainly not be sanctioned in this matter. Defendants' Motion should be denied.

WHEREFORE, Plaintiff, Geoffrey Crowther, respectfully requests this Honorable Court to enter an Order denying Defendants' Motion to Dismiss and to exclude Plaintiff's experts.

Respectfully Submitted,
Plaintiff,
GEOFFREY CROWTHER,
By his Attorneys,

/s/ Thomas J. Joyce, III
Thomas J. Joyce, III, Esq.
Law Office of Thomas J. Joyce, III
900 Centerton Road
Mount Laurel, NJ 08054
(856) 914-0220
TJoyce@tjoycelaw.com


/s/ Michael J. McDevitt
Michael J. McDevitt, Esq., BBO #564720
Local Counsel for Plaintiff
Lawson & Weitzen, LLP,
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
mmcdevitt@lawson-weitzen.com

Date:   August 18, 2006

CERTIFICATE OF SERVICE

I, THOMAS J. JOYCE, III, hereby certify that I forwarded a true and correct copy of Plaintiff's Response to Defendant's Motion to Dismiss to Lori A. Wirkus, Esquire, attorney for Defendants, at Flynn & Associates, 400 Crown Colony Drive, Suite 200, Quincy, MA 02169, by e-filing same with the United States District Court For the District of Massachusetts ECF system which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by depositing in United States Mail, this 18th day of August 2006.

    Respectfully Submitted,
    Plaintiff,
    GEOFFREY CROWTHER,
    By his Attorneys,

    /s/ Thomas J. Joyce, III
    Thomas J. Joyce, III, Esq.
    Law Office of Thomas J. Joyce, III
    900 Centerton Road
    Mount Laurel, NJ 08054
    (856) 914-0220
    TJoyce@tjoycelaw.com

    /s/ Michael J. McDevitt
    Michael J. McDevitt, Esq., BBO #564720
    Local Counsel for Plaintiff
    Lawson & Weitzen, LLP,
    88 Black Falcon Avenue, Suite 345
    Boston, MA 02210
    (617) 439-4990
    mmcdevitt@lawson-weitzen.com

Date:  August 18, 2006