UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEOFFREY CROWTHER,
  Plaintiff,

vs.

CONSOLIDATED RAIL CORPORATION
and CSX TRANSPORTATION, INC.,
  Defendants.

CIVIL ACTION NO.:  05-30140-MAP

## THE DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND CSX TRANSPORTATION, INC.'S,  CONCISE STATEMENT OF FACTS PURSUANT TO LOCAL RULE 56.1

The defendants, Consolidated Rail Corporation ("Conrail") and CSX Transportation, Inc. ("CSX"), hereby submit, pursuant to Local Rule 56.1, their *Concise Statement of Facts* in support of their respective *Motion for Summary Judgment*.

1. On or about June 17, 2005, the plaintiff filed his *Complaint* alleging, in part, that he suffered bilateral hearing loss caused by the defendants, Conrail and CSX's, negligence in relation to the plaintiff's exposure to excessive noise at the workplace pursuant to the Federal Employers' Liability Act ("FELA").

2.  The plaintiff had been employed by the defendants, Conrail and then CSX, since 1976 as a welder and/or welder foreman, and claimed that his exposure to excessive noise during the course of his employment with these defendants caused his bilateral hearing loss.  Id.

3. As part of the defendants' hearing conservation program, the defendants' employees, including the plaintiff, were consistently tested for hearing loss commencing in the mid 1980's.  *See* Deposition Transcript of Geoffrey Crowther

1

dated August 16, 2006, the relevant portions of which are attached to the

defendants' *Memorandum of Law* ("Memo") as Exhibit "A," at p. 183.

4.    The plaintiff was first diagnosed with bilateral hearing loss as early as August 3,

1989, nearly 16 years prior to the date he filed his *Complaint*, by audiologists

hired by the defendant, Conrail, to perform testing on its workers. *See* Conrail

Audiogram Results for Geoffrey Crowther dated August 3, 1989, attached to the

defendants' *Memo* as Exhibit "B."

5.    In fact, the plaintiff's own expert, Tomma Henckel, an audiologist, testified at her

deposition, when shown Exh. B, in her opinion the audiogram results from

August, 1989 demonstrated not only that the plaintiff had suffered from bilateral

hearing loss, but that the hearing loss was noise induced. *See* Deposition

Transcript of Tomma Henckel dated November 10, 2006, the relevant portions of

which are attached to the defendants' *Memo* as Exhibit "C," at pp. 96-98.

6.    At the very least, the plaintiff was aware of his bilateral hearing loss as of April 5,

2001, as the plaintiff was notified of his hearing deficiencies in both ears by TK

Group, Inc., who had been retained by the defendant, CSX, to test the plaintiff's

hearing.  *See* Letter to G.C. Crowther dated April 5, 2001, attached to the

defendants' *Memo* as Exhibit "E."

7.    This information, which was confirmed by the plaintiff at his deposition, was

contrary to the information supplied by the plaintiff in his Answers *to*

*Interrogatories*, which are attached to the defendants' *Memo* as Exhibit "D,"

wherein the plaintiff stated that he was first diagnosed with bilateral hearing loss

2

on November 6, 2002.

8.    The plaintiff signed this letter, acknowledging his receipt of the results. Id.; *see also* Exh. A at pp. 217-218.

9.    The plaintiff had knowledge of his bilateral hearing loss at least four years before filing his *Complaint*, well beyond the statute of limitations.

10.   The plaintiff testified that he attended a lawyer and/or union sponsored screening event at the Holiday Inn in Greenfield, MA in or about the Spring of 2002 where railroad workers, including the plaintiff, were tested for occupationally induced carpal tunnel syndrome and/or hearing loss, as well as a variety of other possible conditions. Id. at 148-149; 187-188.

11.   The plaintiff was tested for hearing loss and received a positive test result on the day of the screening. Id. at p. 190.

12.   The plaintiff was fully aware as of April 5, 2001 that his bilateral hearing was or could have been caused by exposure to noise at work.

13.   In the April 5, 2001 letter, signed by the plaintiff, it is clearly stated that "[a]bnormal hearing levels may be the result of many causes including noise exposure at work." Exh. E; *see also* Exh. A at pp. 217-218.

14.   The plaintiff testified that he had been aware of claims filed by his coworkers for hearing loss caused by exposure to noise at work as early as the mid 1980's. Id. at pp. 180-183.

15.   The plaintiff further testified that information had been circulated about his rights in connection with hearing loss since his date of hire (1971). Id. at 202-203.

3

16.    The plaintiff was fully aware of both his bilateral hearing loss, and the potential that noise exposure caused his hearing loss, for more than three years before filing his claim.

17.    The only expert witness identified by the plaintiff in support of his claim was his audiologist, Tomma Henckel, who diagnosed the plaintiff as suffering from noise induced hearing loss based upon the plaintiff's own report of his exposures, rather than her own information or assessment as to the noises the plaintiff was exposed to while working for the defendants. *See* Hearing Evaluation dated November 6, 2002, attached to the defendants' *Memo* as Exhibit "F;" *see also* Exh. C at pp. 96-98.

18.    Ms. Henckel was first identified in the *Plaintiff's Initial Disclosures* dated November 3, 2005, which is attached to the defendants' *Memo* as Exhibit "G," and the Hearing Evaluation (Exh. F) was produced at that time.

19.    Thereafter, the plaintiff again disclosed Ms. Henckel as his medical expert in support of his alleged noise induced hearing loss; in fact, Ms. Henckel was the only expert ever identified by the plaintiff in support of this claim. See *Plaintiff's Expert Witness Disclosures* dated July 26, 2006, attached to the defendants' *Memo* as Exhibit "H."

20.    Despite submitting the *Disclosure*, the plaintiff failed to provide anything more than a brief summary of Ms. Henckel's expected testimony and omitted all of the documents required by Fed. R. Civ. P. 26(a)(2).

21.    The only information received by the defendants concerning Ms. Henckel was the

4

Hearing Evaluation previously produced with the plaintiff's *Initial Disclosures.*

22. The plaintiff also identified Steven Wenner, M.D., Michael D. Shinnick, Ed.D., Allan Baustin, M.D., and Mark A. Woodward, M.D. in connection with his carpal tunnel claims; however, he failed to produce even one report in connection with the disclosure.

23. Instead, the plaintiff produced only the *curriculum vitae* of Michael Shinnick and Dr. Woodward, and nothing else.

24. The plaintiff has not supplemented this *Disclosure* to date, other than what was produced at Ms. Henckel's deposition.

25. The Evaluation is completely void of any reference to the data or other information considered by Ms. Henckel, any exhibits to be used in support of the opinions contained therein, her qualifications (although her *curriculum vitae* was produced by the plaintiff's counsel shortly before her deposition), a list of all publication authored by the plaintiff within the preceding ten years, the compensation to be paid or the other cases where she testified as an expert at trial or at a deposition within the preceding four years. Exh. F.

26. The only other documents produced in connection with the requirements of 26(a)(2) were produced by Ms. Henckel at her deposition and were publications printed by Ms. Henckel just before she was deposed and long after she authored the Hearing Evaluation, including "Noise Induced Hearing Loss" dated October 27, 2002, "What is audiometric testing" (undated) and "Study of Noise and Hearing in Jute Weaving" dated December, 1964, Graphs from ISO 1999 Data,"

5

"Occupational Safety and Health Standards" (undated) and "Criteria For A Recommended Standard – Occupational Noise Exposure" dated June, 1998. Exh. C at pp. 49-61.

27.    Ms. Henckel testified that she did not rely on any of these documents in preparing the Hearing Evaluation, and that plaintiff's counsel never requested any publications from her. Id.

28.    Ms. Henckel testified at her deposition that she did not even know, nor had she had any discussion with the plaintiff's counsel, as to what she would be paid to provide her expert opinions. Id. at p. 65.

29.    She further testified that she had never served as an expert witness prior to this case. Id.

30.    Ms. Henckel, an audiologist, not a medical doctor, testified that she knew nothing about the plaintiff's employment or his exposures to noise other than what the plaintiff himself relayed to her.  Id. at pp. 96-98; *see also curriculum vitae* of Tomma Henckel, attached to the defendants' *Memo* as Exhibit "I."

31.    Ms. Henckel admitted that she had not relied on any of the studies she produced at her deposition in forming her opinions about the cause of the plaintiff's hearing loss, and that she had not conducted any studies concerning the noises railroad workers, such as the plaintiff, are exposed to. Exh. C. at pp. 49-61, 96-98.

32.    Ms. Henckel testified that she had never performed any studies of the noises that railroad workers, such as the plaintiff, were exposed to in their workplace. Id. at p. 64.

33.    The plaintiff's audiologist, Ms. Henckel, is the only expert that has ever been

identified by the plaintiff in support of his claim that defendants negligently

caused the plaintiff to suffer hearing loss as a result of noise exposure while in

their employ.

Respectfully submitted,
The Defendants,
Consolidated Rail Corporation and
CSX Transportation, Inc.
By Their Attorneys:

s/Lori A. Wirkus_____
Michael B. Flynn, BBO #559023
Lori A. Wirkus, BBO #635525
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: January 16, 2007
G:\F & A\CASE FILES\CSX OCCUPATIONAL\CARPAL TUNNEL\CROWTHER\pleadings\Motion for Summary Judgment.1.16.07.doc