UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GEOFFREY CROWTHER                    CIVIL ACTION

        Plaintiff
                                           NO.  05-30140-MAP
vs.

CSX TRANSPORTATION, et al.

        Defendants

_____

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' STATEMENT OF MATERIAL FACTS

        Plaintiff, Geoffrey Crowther, by and through his attorneys, hereby answers and disputes Defendants' Statement of Material Facts as follows:

1.     Admitted that Plaintiff's Complaint for occupational hearing loss is brought pursuant to the Federal Employers' Liability Act (FELA).

2.     Admitted that Plaintiff has been employed by Defendants from 1976 to the present as a trackman/welder/foreman, and claims occupational hearing loss sustained as a result of noise exposure during the course and scope of his railroad employment with Defendants.

3.     Admitted in part, Denied in part.  Plaintiff testified in his deposition that the first time he recalled his railroad employer testing his hearing would have been sometime in the 1980s, and that the railroad has tested him on other occasions since then.  Plaintiff did not testify that Defendants' "employees" were "consistently tested" as "part of Defendants' hearing conservation program" as stated by Defendants. (Exhibit 1, Plaintiff's Deposition, page 183)

4.     Denied.  Although Defendants have produced the results of a hearing test purportedly performed on Plaintiff by the railroad on or about August 3, 1989, there is no diagnosis of hearing loss noted therein, and Plaintiff was never told he had hearing loss nor provided with the test results.

5.     Admitted that when asked to evaluate the above-referenced August 3, 1989 railroad hearing test in her deposition, Plaintiff's expert, Tomma Henckel, MA, CCC-A, testified that it appeared the test was just beginning to reflect some borderline noise-induced hearing loss in both ears. (Exhibit 2, Deposition of Tomma Henckel, MA, CCC-A, pages 109-110)

6.      Denied.  It is specifically denied that Plaintiff was aware of his hearing loss as of April 5, 2001.  Although Defendants have produced a two-page document which they claim notified Plaintiff of the results of an abnormal railroad hearing test on or about April 5, 2001, the second page of which appears to contain Plaintiff's signature, Plaintiff testified that he did not recall receiving or signing this document.  In fact, Plaintiff testified that he did not recall ever being notified by Defendants that he'd had any "bad" hearing tests at the railroad.  (Exhibit 1, Plaintiff's Deposition, pages 215-221)

7.      Denied.  Plaintiff testified that he did not recall receiving or signing the above-referenced April 5, 2001 document.  In fact, Plaintiff testified that he did not recall ever being notified by Defendants that he'd had any "bad" hearing tests at the railroad.  Plaintiff's deposition testimony is not contrary to Plaintiff's Answers to Defendants' Interrogatories, wherein he stated that he first realized he had sustained a hearing loss injury that was caused by noise exposure on or about November 6, 2002.  (Exhibit 1, Plaintiff's Deposition, pages 197-199, 215-221)

8.      Denied.  It is specifically denied that Plaintiff acknowledged receipt of the above-referenced April 5, 2001 document.  Plaintiff testified that he did not recall receiving or signing this document, although it admittedly appears to contain his signature.  In fact, Plaintiff testified that he did not recall ever being notified by Defendants that he'd had any "bad" hearing tests at the railroad.  (Exhibit 1, Plaintiff's Deposition, pages 215-221)

9.      Denied.  It is specifically denied that Plaintiff had knowledge of his hearing loss at least four years before filing his Complaint.  The record evidences that Plaintiff was first notified of a potential hearing loss on June 19, 2002, when he attended a union sponsored screening.  The record further evidences that Plaintiff was not aware that he had sustained a noise-induced loss until November 6, 2002, when Tomma Henckel, MA, CCC-A, examined Plaintiff and opined that Plaintiff's hearing loss is a result of exposure to occupational railroad noise.  The record of evidence demonstrates that Plaintiff's lawsuit was filed within the applicable three-year statute of limitations under the FELA. (Exhibit 1, Plaintiff's Deposition, pages 188-190, 197-199)

10.     Admitted that Plaintiff attended a union sponsored screening in Greenfield on June 19, 2002, where he was tested for carpal tunnel syndrome and hearing loss.

11.     Admitted that that Plaintiff was first notified of a potential hearing loss on June 19, 2002, when he attended a union sponsored screening. (Exhibit 1, Plaintiff's Deposition, pages 188-190)

12.     Denied.  It is specifically denied that Plaintiff was aware of his hearing loss as of April 5, 2001.  Although Defendants have produced a two-page document which they claim notified Plaintiff of the results of an abnormal railroad hearing test on or about April 5, 2001, Plaintiff testified that he did not recall receiving or signing this document.

2

In fact, Plaintiff testified that he did not recall ever being notified by Defendants that he'd had any "bad" hearing tests at the railroad. (Exhibit 1, Plaintiff's Deposition, pages 215-221)

13. Admitted in part, Denied in part. Admitted only that the document states as such on its face, and that the document appears to contain Plaintiff's signature. It is specifically denied that Plaintiff was aware of his hearing loss as of April 5, 2001.

14. Admitted that Plaintiff was aware of hearing loss claims being brought by railroad employees sometime in the 1980s.

15. Admitted in part, Denied in part. Plaintiff testified in his deposition that information about his right as a railroad worker to file claims for occupational injuries under the FELA was made known to him when he hired on the railroad. Plaintiff did not testify that information had been "circulated" about his right "in connection with hearing loss" since "1971" as stated by Defendants. As indicated above, Plaintiff became employed by Defendants in 1976. Further, as indicated above, Plaintiff testified that he became aware of hearing loss claims being brought by railroad employees sometime in the 1980s. (Exhibit 1, Plaintiff's Deposition, pages 202-203)

16. Denied. It is specifically denied that Plaintiff was aware of both his hearing loss, and the potential that noise exposure caused his hearing loss, for more than three years before filing his claim. The record evidences that Plaintiff was first notified of a potential hearing loss on June 19, 2002, when he attended a union sponsored screening. The record further evidences that Plaintiff was not aware that he had sustained a noise-induced loss until November 6, 2002, when Tomma Henckel, MA, CCC-A, examined Plaintiff and opined that Plaintiff's hearing loss is a result of exposure to occupational railroad noise. The record of evidence demonstrates that Plaintiff's lawsuit was filed within the applicable three-year statute of limitations under the FELA. (Exhibit 1, Plaintiff's Deposition, pages 188-190, 197-199)

17. Admitted in part, Denied in part. Plaintiff has identified Tomma Henckel, MA, CCC-A, to be called as an expert witness in the trial of this matter. On November 6, 2002, Plaintiff presented to Tomma Henckel, MA, CCC-A, for examination and testing. Plaintiff provided Ms. Henckel with his medical history as well as a history of his exposure to noise. Based upon the history provided by the patient and the results of the examination and testing, Ms. Henckel, a certified audiologist and clinical instructor, opined that Plaintiff suffered from hearing loss as a result of exposure to occupational railroad noise. Any inferences by Defendants that Ms. Henckel's diagnoses/opinions with regard to Plaintiff are improperly founded are specifically denied. (Exhibit 2, Deposition of Tomma Henckel, MA, CCC-A, pages 92-104)

18. Admitted that Tomma Henckel, MA, CCC-A, was identified in Plaintiff's Initial Disclosures dated November 3, 2005.

19.     Admitted that Tomma Henckel, MA, CCC-A, was identified in Plaintiff's Expert Disclosures dated July 26, 2006.

20.     Denied. Plaintiff has provided Defendants with a complete copy of the records/reports of Tomma Henckel, MA, CCC-A, as well as a copy of Ms. Henckel's Curriculum Vitae. In that Ms. Henckel has never previously been called as an expert witness in any matter, she does not possess any of the other documents referenced by Fed.R.Civ.P. 26(a)(2). It is therefore denied that Plaintiff has "omitted" any documents. (Exhibit 3, Records/Reports of Tomma Henckel, MA, CCC-A) (Exhibit 4, Curriculum Vitae of Tomma Henckel, MA, CCC-A)

21.     Denied. Plaintiff has provided Defendants with a complete copy of the records/reports of Tomma Henckel, MA, CCC-A, as well as a copy of Ms. Henckel's Curriculum Vitae. (Exhibit 3, Records/Reports of Tomma Henckel, MA, CCC-A) (Exhibit 4, Curriculum Vitae of Tomma Henckel, MA, CCC-A)

22.     Denied as irrelevant. The witnesses listed by Defendants were disclosed by Plaintiff with regard to his carpal tunnel syndrome claim, which is no longer a part of this action.

23.     Denied as irrelevant. The witnesses listed by Defendants were disclosed by Plaintiff with regard to his carpal tunnel syndrome claim, which is no longer a part of this action.

24.     Denied. Plaintiff has provided Defendants with a complete copy of the records/reports of Tomma Henckel, MA, CCC-A, as well as a copy of Ms. Henckel's Curriculum Vitae. (Exhibit 3, Records/Reports of Tomma Henckel, MA, CCC-A) (Exhibit 4, Curriculum Vitae of Tomma Henckel, MA, CCC-A)

25.     Denied. Plaintiff has provided Defendants with a complete copy of the records/reports of Tomma Henckel, MA, CCC-A, as well as a copy of Ms. Henckel's Curriculum Vitae. In that Ms. Henckel has never previously been called as an expert witness in any matter, she does not possess any of the other documents referenced by Fed.R.Civ.P. 26(a)(2). It is therefore denied that Plaintiff has not properly disclosed Ms. Henckel. Further, as stated above, Plaintiff provided Ms. Henckel with a full patient history, which information was customarily and properly considered by Ms. Henckel as a medical professional in the support of the opinions contained in her records/reports. Any inferences by Defendants that Ms. Henckel's diagnoses/opinions with regard to Plaintiff are improperly founded are specifically denied. (Exhibit 2, Deposition of Tomma Henckel, MA, CCC-A, pages 92-104) (Exhibit 3, Records/Reports of Tomma Henckel, MA, CCC-A) (Exhibit 4, Curriculum Vitae of Tomma Henckel, MA, CCC-A)

26.     Denied. The documents listed by Defendants were not "produced" by Ms. Henckel "in connection with the requirements of 26(a)(2)". The documents listed were documents that Ms. Henckel has simply read prior to her deposition testimony.

4

Defense counsel, at Ms. Henckel's deposition, asked to see copies of all documents that Ms. Henckel happened to have with her, and Ms. Henckel obliged.

27. Admitted in part, Denied in part. It is admitted that Ms. Henckel did not review or rely on any of the documents listed by Defendants in preparing her records/reports. However, any inferences by Defendants that Ms. Henckel's diagnoses/opinions with regard to Plaintiff are improperly founded are specifically denied.

28. Admitted that Ms. Henckel testified at her deposition that she had not had any discussions with Plaintiff's counsel up that point as to what she would ultimately be paid to provide her expert testimony at trial.

29. Admitted that Ms. Henckel has never previously been called as an expert witness.

30. Admitted in part, Denied in part. On November 6, 2002, Plaintiff presented to Tomma Henckel, MA, CCC-A, a certified audiologist and clinical instructor, for examination and testing. As stated above, Plaintiff provided Ms. Henckel with a full patient history, including a history of his exposure to noise, which information was customarily and properly considered by Ms. Henckel as a medical professional in the support of the opinions contained in her records/reports. Any inferences by Defendants that Ms. Henckel's diagnoses/opinions with regard to Plaintiff are improperly founded are specifically denied. (Exhibit 2, Deposition of Tomma Henckel, MA, CCC-A, pages 92-104)

31. Admitted that Ms. Henckel did not review or rely on any of the documents listed by Defendants in preparing her records/reports, and that she had not conducted any studies concerning noises that railroad workers are exposed to.

32. Admitted that Ms. Henckel had not conducted any studies concerning noises that railroad workers are exposed to in their workplace.

33. Admitted that Plaintiff has identified Tomma Henckel, MA, CCC-A, to be called as an expert witness in the trial of this matter. Plaintiff will show, through the testimony of Ms. Henckel, as well as the testimony of Plaintiff and certain of his co-workers, that Defendants negligently caused the Plaintiff to suffer hearing loss as a result of noise exposure while in their employ.

By way of further response, Plaintiff, Geoffrey Crowther, incorporates herein by reference Plaintiff's Response with Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

Plaintiff respectfully requests oral argument.

WHEREFORE, Plaintiff, Geoffrey Crowther, respectfully requests this Honorable Court to enter an Order denying Defendants' Motion for Summary Judgment.

    Respectfully submitted,
    Plaintiff,
    GEOFFREY CROWTHER
    By his attorneys,

    */s/Thomas J. Joyce, III*
    THOMAS J. JOYCE, III, ESQUIRE
    Law Office of Thomas J. Joyce, III
    900 Centerton Road
    Mount Laurel, NJ 08054
    (856) 914-0220
    tjoyce@tjoycelaw.com

    */s/Michael J. McDevitt*
    MICHAEL J. McDEVITT, ESQUIRE
    BBO #564720
    Lawson & Weitzen, LLP
    88 Black Falcon Avenue, Suite 345
    Boston, MA 02110
    (617) 439-4990
    Local Counsel
    mmcdevitt@lawson-weitzen.com

DATED: March 16, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GEOFFREY CROWTHER          CIVIL ACTION

       Plaintiff

                               NO.  05-30140-MAP

vs.

CSX TRANSPORTATION, et al.

       Defendants

_____

ORDER

This matter having been brought before the Court on the Motion of the Defendants, CSX Transportation and Consolidated Rail Corporation, for an Order for Summary Judgment, and the Court having considered the papers submitted and Plaintiff's Response in Opposition thereto, and for good cause shown, it is on this _____ day of _____, 2007, hereby ORDERED that Defendants' Motion for Summary Judgment is DENIED.

                                                       _____
                                                       **United States District Judge**