UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GEOFFREY CROWTHER,            )
        Plaintiff       )
                              )
        v.                    ) C.A. NO. 05-30140-MAP
                              )
CONSOLIDATED RAIL CORP., ET AL)
        Defendants       )


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 29)

June 8, 2007

PONSOR, D.J.

## I. INTRODUCTION

Plaintiff has filed this personal injury action against

Defendants CSX Transportation, Inc., ("CSX") and its

predecessor Consolidated Rail Corporation ("Conrail"), under

the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§

51 et seq., charging that his exposure to excessive noise at

the workplace caused bilateral hearing loss.  Defendants

have moved for summary judgment on the ground that

Plaintiff, by filing his complaint on June 17, 2005,

violated the applicable three-year statute of limitations.[1]

---

[1] Defendants have also moved for summary judgment based
upon a violation of Fed. R. Civ. P. 26(a)(2) and on the lack
of competence on the part of Plaintiff's expert witness.
Because the arguments favoring summary judgment based on the
statute of limitations are overwhelming, it is not necessary
for the court to address these additional contentions.

Because no reasonable jury could reach any conclusion other than that Plaintiff knew both of his injury and of its cause well prior to June 16, 2002, the court will allow Defendants' motion.

## II. FACTUAL BACKGROUND

Pursuant to Fed. R. Civ. P. 56, the court will view the facts, and all inferences that might reasonably be drawn from them, in the light most favorable to Plaintiff.

Plaintiff has worked for Defendants in various capacities, including trackman, welder, and foreman, since at least 1976.[2]  During his time working for Defendants Plaintiff was frequently in the vicinity of heavy equipment, power and manual tools, train engines, horns, bells, and whistles.  Plaintiff performed most of his duties without adequate hearing protection.  Plaintiff was aware that Defendants had in place a hearing conservation program to test employees no later than the mid-1980's.  (Defs.' Mem. in Supp. Mot. Summ. J., Ex. A, Pl.'s Dep. at 183:17-22.) Plaintiff recalls having been tested for hearing loss almost on an annual basis; he was aware that co-workers had filed lawsuits against his employer for work-related injuries, including hearing loss, by the mid-1980's. (Id. at 182:17-

---

[2] There is a disagreement between Plaintiff and Defendants regarding exactly when Plaintiff began his employment, but this dispute is not material.

183:16.)   He knew that written information about his rights under the FELA with respect to occupational injuries was "around everywhere" since the time of his hiring.  (Id. at 202:5-203:6.)

Defendants contend that Plaintiff first received a diagnosis of hearing loss on August 3, 1989, nearly sixteen years prior to the filing of this complaint.  Defendants point to an audiogram (Defs.' Mem. in Supp. Mot. Summ. J., Ex. B), which contains numerical results consistent with hearing loss.  This audiogram, however, does not contain any narrative assessment that might provide cognizable evidence that Plaintiff was explicitly notified of the significance of the audiogram results.

On April 5, 2001, Plaintiff's hearing was again tested as part of the hearing conservation program.  Following this test, Plaintiff was given a letter, which he signed acknowledging receipt.  The letter stated as follows:

> Your current and/or previous test results indicate that your hearing is not within normal limits at one or more frequencies.  Abnormal hearing levels may be the result of many causes, including noise exposure at work.  You should consult an ear doctor to determine the cause of your hearing loss ....  This test represents a change (worse) in hearing levels when compared to your previous test.

(Defs.' Mem. in Supp. Mot. Summ. J., Ex. E.)

Plaintiff was asked about this letter at his deposition and testified as follows:

> A.   You know what?  If I had to sign that, then I
> don't know how that -- I really don't know my
> signature got on that.  I mean because every --
> when I -- the way I recall the hearing test is, if
> you have a bad -- if you have a bad hearing test,
> or you know, they suspect, you know, severe hearing
> loss, they kind of hold you back afterwards and
> talk to you and -- you know.  That never talked
> [sic] happened to me.

(Defs.' Mem. in Supp. Mot. Summ. J., Ex. A, Pl.'s Dep. at
219:13-21.)

Although he acknowledged his signature, Plaintiff had no
recollection of receiving this letter or of receiving any
similar letters as part of the hearing testing program.

On June 19, 2002, Plaintiff attended a Union-sponsored
screening in Greenfield.  Plaintiff's presence at the
screening was prompted primarily by his carpal tunnel
syndrome, but he concedes that at this time he was first
notified of a potential hearing loss.[3]  (Pl.'s Resp. in Opp'n
Defs.' Statement of Material Facts, ¶ 9.)  As noted,
Plaintiff filed this complaint on June 17, 2005, just two
days shy of what Plaintiff now claims was the outer limit of
the statute of limitations.

### III. DISCUSSION

---

[3] At a later portion of his deposition, Plaintiff seemed
to suggest that he did not learn of his hearing loss until
November 6, 2002.  (Defs.' Mem. in Supp. Mot. Summ. J., Ex. A,
Pl.'s Dep. at 214:9-21.)  However, for purposes of the Motion
for Summary Judgment, Plaintiff now concedes that he was in
fact notified of a potential hearing loss no later than June
19, 2002.

Under Rule 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In opposing summary judgment, the non-moving party bears the burden of demonstrating that there is sufficient evidence for a jury to return a verdict in his favor. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court's role in this situation is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The FELA statute states: "No action shall be maintained under this chapter unless commenced within three years from the date the cause of action accrued." 45 U.S.C. § 56. The method of determining when a FELA action has "accrued" is not set by statute; courts have the obligation to construe this term, keeping in mind the purpose of the provisions and the end to be served by the limitation period. Albert v. Maine Cent. R. Co., 905 F.2d 541, 543 (1st Cir. 1990).

Most of the time, it is clear from the circumstances of the injury when the statute of limitations begins to run. At times, however, a plaintiff may be unaware of when the injury actually has occurred and what its cause is. In these instances, courts apply a "discovery rule" to

determine when the statute begins to run.  Id.

The First Circuit has followed the majority of circuits in holding that the statute of limitations begins to run in a FELA case when the employee becomes aware not only of his injury but also of its cause.  Id. at 544.  The First Circuit, however, has rejected the proposition that a statute of limitations cannot begin to run until the injured party has "definite knowledge" that his injury is work related.  Id.  In that vein, once a plaintiff has "reached the conclusion that he believed he had a hearing loss and that he believed the hearing loss was caused by his employment" he has a duty to investigate the situation in order to confirm or deny his belief.  Id.

The rationale for this proposition was set forth in Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092 (7th Cir. 1990), where the Court of Appeals stated that "to allow a plaintiff to unilaterally postpone the running of the statute of limitations by negligently failing to investigate the fact of and cause of his injuries would thwart the legislative intent of 45 U.S.C. § 56." Id. at 1095.  The Tenth Circuit has stated this proposition in slightly different language:

> [K]nowledge of the specific cause of a work-related injury is not required to trigger the statute of limitations in a FELA action.  Rather, a FELA claim accrues when the plaintiff knows or should know

that his injury is merely work related.

Matson v. Burlington Northern Santa Fe R.R., 240 F.3d 1233, 1236 (10th Cir. 2001).

Specifically in a hearing-loss FELA case, a district court has recognized that "under the discovery rule, a plaintiff's claim could accrue when his hearing loss is minimal, and the statute could expire before the plaintiff judged his hearing loss sufficiently severe to warrant bringing suit." Whitman v. CSX Transp., Inc., 887 F. Supp. 983, 991 (E.D. Mich. 1995).

On the undisputed record of this case, the evidence is overwhelming that Plaintiff knew or should have known both of his hearing loss and of its cause well before June 16, 2002. It is undisputed that Plaintiff was consistently tested for hearing loss commencing in the late 1980's (at the latest) and that this testing objectively noted hearing loss as early as August 2, 1989. Given this objective evidence, Plaintiff must have begun experiencing symptoms of hearing loss by the late 1980's or early 1990's. Plaintiff also agrees that he was aware of claims filed by his co-workers based on hearing loss caused by exposure to noise as early as the mid-1980's. Plaintiff also conceded that he received information about his rights in connection with possible hearing loss as early as his date of hire during

the '70's.

Most importantly, Plaintiff does not deny that he received a letter on April 5, 2001 specifically advising him of bilateral hearing loss and that he signed the letter in acknowledgment of having received the written document disclosing this information.

It is not sufficient, in the context of a motion for summary judgment, for Plaintiff to rely simply on a lack of memory regarding a document he acknowledges receiving. See Haag v. United States, 485 F.3d 1, 3 (1st Cir. 2007) (a "lack of memory" is "hardly affirmative evidence of non-receipt that might bar summary judgment").  This is not a situation where Plaintiff denies ever receiving notice of his hearing loss; rather, the receipt of the information is uncontested.  Plaintiff may deny a current recollection of getting the information, or deny a contemporary subjective realization of the significance of the information. However, the standard in applying the "discovery rule" in a statute of limitations situation is objective.  The test is whether the plaintiff "in the exercise of reasonable diligence should have discovered" that he was injured and realized the basis for his injury.  McIntyre v. United States, 387 F.3d 58, 52 (1st Cir. 2004)(citation omitted).

The undisputed facts, in summary, are as follows.

Plaintiff was aware that he worked for years around substantial levels of noise and was using no protection. He was tested annually for hearing loss, and he had suffered an objectively confirmed hearing loss as early as 1989. He was aware that co-workers were suffering hearing loss and making claims for compensation for this loss under the FELA statute. He received a written document confirming that he had suffered significant hearing loss and that the cause of his hearing loss might very well be his work environment. Nevertheless, he waited more than three years after that before filing any lawsuit. As sympathetic as the court may be regarding Plaintiff's condition, it has no choice, based upon these undisputed facts, except to find that no reasonable jury could reach any other conclusion than that the statute of limitations was violated here.

### V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt. No. 29) is hereby ALLOWED. The clerk will enter judgment for Defendants and the case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge